IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CORNELL ABDULLAH COOPER, )
)
    Plaintiff, ) Civil Action No. 2:12-cv-00980
v. )
) Judge Mark R. Hornak
DEF JAM RECORDS, )
)
    Defendant. )

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Plaintiff Cornell Abdullah Cooper (the "Plaintiff"), appearing *pro se*, brings the instant civil action against Def Jam Records (the "Defendant"), for Defendant's alleged wrongdoing to Plaintiff's music business. (Compl., ECF No. 1-1). Currently pending before the Court is the Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 1). For the following reasons, the Court will deny the motion and dismiss the action without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a).

When considering applications for IFP status, the Court is to consider the moving party's financial status and determine, based upon economic criteria alone, whether IFP status should be granted. *See Roman v. Jeffes*, 904 F.2d 192, 194, n.1 (3d Cir. 1990). It is within the sound discretion of the district courts whether to grant or deny IFP status. *See U.S. v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971). The Plaintiff's motion does not disclose his incarceration status.[1] The Plaintiff's IFP motion also fails to state whether Plaintiff is employed and if he collects wages. The Plaintiff has indicated that he does receive other income, but the amount and

---

[1] However, the Third Circuit has held that the provisions of 28 U.S.C. § 1915 apply to all IFP complaints, not simply those filed by prisoners. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114, n.19 (3d Cir. 2002).

1

source of that income are not disclosed. Plaintiff has various expenses, but does not provide monetary amounts that would help the Court properly consider the motion. Without this information, the Court cannot properly proceed on the motion. Therefore, the Motion for Leave to Proceed *in forma pauperis* is denied. Plaintiff has thirty (30) days to file a supplemental IFP motion that answers each question in sufficient detail.

Federal Rule of Civil Procedure 8(a) requires that a pleading that states a claim for relief contain: (1) a short and plain statement supporting the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for relief. Fed. R. Civ. P. 8(a). District courts are allowed to dismiss a claim *sua sponte* for failure to meet the Rule 8(a) pleading requirements. *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir.1980). Such a dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tillio v. Northland Group Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)).

The Complaint fails to satisfy the Rule 8 pleading requirements. There is absolutely no stated basis upon which the Court is alleged to have jurisdiction over this case. Plaintiff fails to allege any legal claim, coupled with the facts as averred, to show that he is entitled to relief. In the Complaint, which is styled as a letter to the Court, Plaintiff alleges that he has an ongoing business relationship with Defendant Def Jam Records. The nature of the relationship (i.e., when it began and under what terms) is unintelligible from the Complaint. According to the Plaintiff, he allegedly started the careers of well-known rap artists Jay-Z, Juelz Santana, Rick Ross, and Young Jeezy, and he claims to have done "all the music videos and concerts" of those artists or other Def Jam artists. (Compl., ECF No. 1-1). That relationship presumably came to an end

when the Defendant (or the artists named above) stopped picking Plaintiff up for "[his] shows and world tours." *Id.* Plaintiff, explaining that mistaken identity and/or conspiracy are to blame for this oversight on the part of the Defendant, asks this Court for help to catch and stop whoever is harming him, which is also unclear at this time. In short, the Plaintiff has not set out enough facts to determine whether he has a plausible claim that could be resolved in this Court. Given the confused nature of the Complaint's substance, the Court will dismiss the action without prejudice and give the Plaintiff thirty (30) days to state the basis of the Court's jurisdiction and restate his claims in a more definite manner pursuant to Fed. R. Civ. P. 8(a).

Under the rule of *Denton v. Hernandez*, 504 U.S. 25, 34 (1992), and *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002), each holding that where a complaint can be remedied by amendment, this Court must allow leave to amend, the Court hereby dismisses the Complaint without prejudice. If Plaintiff desires to do so, he must file his Amended Complaint within thirty (30) days of this date.

An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: July 17, 2012

cc:  Cornell Abdullah Cooper

3