# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELL ABDULLAH COOPER, | ) |
| Plaintiff, | ) Civil Action No. 2:12-cv-00980 |
| v. | ) |
| | ) Judge Mark R. Hornak |
| DEF JAM RECORDS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

On July 18, 2012, by Memorandum Opinion and Order, the Court denied Plaintiff's Motion for Leave to Proceed *in forma pauperis* without prejudice and dismissed the Complaint against Def Jam Records (the "Defendant") without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a). The Court provided the Plaintiff with thirty (30) days to submit an amended complaint that satisfied the requisite pleading standard, and ordered that failure to comply with the Fed. R. Civ. P. 8(a) requirements would result in the dismissal of the action with prejudice. The Plaintiff filed an Amended Complaint on July 30, 2012. ECF No. 4.

In the letter-styled Amended Complaint, which is largely diffuse in its assertions, Plaintiff alleges, among other things, that the Defendant, a national record label focused primarily on hip hop and rap music, hired him "through a contract for a record company." Compl. at 3. According to the Plaintiff, the Defendant "promised [him] millions" so he could buy cars, homes, a club, and a yacht. *Id.* at 1. Mr. Cooper also alleges that he was supposed to meet the President of the United States from time to time. *Id.* at 6. In exchange, Plaintiff was supposed to "make tours" for various Def Jam recording artists, including Jay-Z, Juelz Santana,

1

The-Dream, and Rick Ross. *Id.* Plaintiff avers that the Defendant changed the game and has not stayed in contact with him, Compl. at 4, and that, at this time, neither the Defendant nor its blockbuster female recording artists, including Mariah Carey, Mary J. Blige, Janet Jackson, Destiny's Child, and Beyoncé,[1] know of his whereabouts and think that he has therefore quit his music career. Compl. at 2, 7, 8 ("Come on[,] Def Jam want[]s me but can[']t find me."). As relief, the Plaintiff requests that Def Jam Records be ordered to pay for his new living estate, with the Court's supervision over such relationship, and wants be able to perform again with his music group. *Id.* at 6.

Under 28 U.S.C. § 1915(e)(2), when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time" if it determines that certain conditions are met, including that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them . . . . [F]rivolousness is a decision entrusted to the discretion of the court entertaining the in forma pauperis petition." *Denton v. Hernandez*, 504 U.S. 25, 33, (1992).

After review of the allegations in the Amended Complaint, the Court determines that, viewed as a whole, the factual averments made by the Plaintiff are wholly incredible under the language of *Denton*, notwithstanding the vigor with which they are made. The Court is hard-pressed to discern any factual basis for relief in the Amended Complaint where Plaintiff alleges

---

[1] The Court takes note that none of these acts, with the exception of Mariah Carey (who is an artist under the Island Records label of the Island Def Jam Music Group), appear on the artist roster on the Def Jam Recordings website. http://www.islanddefjam.com/artists/default.aspx?labelID=74 (last visited August 13, 2012).

2

that Def Jam Records, a renowned record label whose business spans the globe,[2] promised him millions of dollars, extravagant items, including cars, homes, a club, a yacht, and a clothing line, and the opportunity to meet the President of the United States "from time to time," in return for some undefined services and obligations from him.[3]

The Amended Complaint contains no factual support for the type of skills or services that Plaintiff has acquired in his lifetime and is able to provide Def Jam Records other than to "make tours" for the Defendant. Plaintiff's rambling allegations essentially amount, at best, to asserting a colossal misunderstanding based on the premise that he is able to do work for the Defendant, but because the Defendant cannot locate the Plaintiff, the Defendant instead does the work for itself.[4] In addition, Plaintiff further alleges that because the Defendant conducts business "out of town," it could steal, presumably from him, easily. Compl. at 4. Because Plaintiff speaks in the most general of terms about being involved with major, sophisticated players in the music scene, apparently including in some fashion the President of the United States, and complains of not being able to live in an anticipated extravagant style, without alluding to the essential terms of any alleged business relationship with the Defendant, the Court is constrained to dismiss the Amended Complaint. *See Young v. Young*, No. 2:08cv681, 2009 WL 1106747 (W.D. Pa. Apr. 23, 2009); *Roy v. United States*, 238 F. App'x 908 (3d Cir. 2007); *Caesar v. Megamillion Biggame Lottery*, 193 F. App'x 119 (3d Cir. 2006).

---

[2] Publicly available information reveals that Def Jam Records is a Delaware corporation with a principal place of business in the Empire State – New York, New York. Mr. Cooper appears to be a citizen of Pennsylvania, and his allegations certainly reveal that the amount in controversy exceeds $75,000 exclusive of costs and interest. Thus, the Court has subject matter jurisdiction. 28 U.S.C. § 1332(a).

[3] By any measure, not a hard knock life.

[4] Presumably including any requisite interaction with the President of the United States on hip-hop music or other matters.

3

This Court is cognizant of the usual necessity to allow a plaintiff leave to amend a complaint where it can be remedied by such amendment. *See Denton v. Hernandez*, 504 U.S. at 34 (1992); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). However, leave to amend a complaint is not required when such an exercise would be futile, especially when the Court had already given the Plaintiff the blueprint for further pleading. *Credico v. CEO Idaho Nat. Laboratory*, 461 F. App'x. 78, 79 (3d Cir. 2012) (citing *Grayson*, 293 F.3d at 114). Plaintiff has had, upon prior direction from the Court, the opportunity to file an amended complaint which complies with Rule 8(a), and has failed to do so. The allegations in the Amended Complaint filed, giving the Plaintiff all of the reasonable doubt, demonstrate to the Court that no amendment could remedy the pleading's shortcomings.

An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: August 13, 2012

cc: Mr. Cornell Abdullah Cooper